UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
PAUL A. HOEY                                             Chapter 13
        DEBTOR.                                          Case No. 12-15235-WCH

**MEMORANDUM OF DECISION**

## I. INTRODUCTION

The matter before me is the "Motion for Leave to File Late Objection to Debtor's Chapter 13 Plan" (the "Motion") filed by The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2004-6 (the "BNY"), and the "Debtor's Response to the Motion to File Objection to Confirmation" (the "Response") filed by Paul A. Hoey (the "Debtor"). BNY seeks leave to file its objection to confirmation late on the grounds that there is no prejudice to the Debtor where the Chapter 13 plan has not yet been confirmed. For the reasons set forth below, I will deny the Motion.

## II. BACKGROUND

The Debtor filed a Chapter 13 petition on June 19, 2012. On July 23, 2012, the Debtor filed his schedules, listing on "Schedule D – Creditors Holding Secured Claims" Bank of America Home Loans ("Bank of America") as holding a mortgage on 45 Lake Street, New Bedford, Massachusetts securing an obligation due under a promissory note in the present amount of $310,008.42. On the same date, the Debtor also filed a Chapter 13 plan which provided for the payment of prepetition arrears to Bank of America in the amount of $32,950. On August 1, 2012, the Debtor appeared at the meeting of creditors held pursuant to 11

U.S.C. § 341. Pursuant to Massachusetts Local Bankruptcy Rule ("MLBR") Appendix I, 13-8(a), the deadline to file objections to confirmation expired on August 31, 2012. BNY neither filed a timely objection nor sought an extension to do so prior to the expiration of the deadline.

On October 16, 2012, BNY filed a proof of claim asserting a balance of $333,220.14 due under the note, with prepetition arrears in the amount of $41,485.46. On the same date, BNY filed the Motion accompanied by an objection to confirmation.[1] While acknowledging that the deadline to file objections to confirmation had passed, BNY asserted that its counsel had just received approval for the financial figures to be included in the proof of claim. BNY further urged that there would be no prejudice to the Debtor in allowing a late objection because the Debtor's Chapter 13 plan had not yet been confirmed. On October 30, 2012, the Debtor filed the Response opposing the Motion. In it, he argued that BNY offered no reason why it did not provide the necessary figures earlier and that allowing a creditor to object at any time prior to the confirmation of the Chapter 13 plan would result in long delays in obtaining plan confirmation.

On November 9, 2012, I held a hearing on the Motion and the Response. During the hearing, Victor Manougian, counsel for BNY ("Mr. Manougian"), contended that "the amount of time that [his] client filed [the Objection] late, which is about a month and a half, doesn't amount to [in]excusable neglect. There's no prejudice . . . ."[2] I disagreed, stating that

> [t]his is just another example of the bank's unwilling[ness] to play by the rules. . . . They could have—as soon as you notified them that they had something to do, they could have done it and they didn't. They waited . . . .[3]

---

[1] Though not relevant to the determination of the matter now before, BNY objects to the confirmation of the Debtor's Chapter 13 plan on the basis that it fails to propose to cure the full amount of BNY's prepetition arrears. *See* 11 U.S.C. § 1322(b)(5).

[2] Trans. Nov. 9, 2012 at 5:7-11.

[3] Trans. Nov. 9, 2012 at 5:12-19.

2

In response, Mr. Manougian conceded that his client waited, but indicated that his understanding for the delay was that

> since the new proof of claim forms were amended about a year ago, they've had a lot of trouble getting accurate numbers and making sure they're accurate before signing them under the pains and penalties of perjury.[4]

Noting that "if they can't get their act together by now then they weren't going to do it," I took the matter under advisement.[5]

### III. DISCUSSION

"Rule 9029 of the Federal Rules of Bankruptcy Procedure authorizes the enactment of Local Bankruptcy rules to the extent that those rules are consistent with, but not duplicative of, Acts of Congress."[6] "Pursuant to this authority, the United States Bankruptcy Court for the District of Massachusetts has promulgated Local Bankruptcy Rules ('the MLBR') applicable in this district."[7] As previously stated, MLBR 13-8 governs objections to confirmation of Chapter 13 plans, setting forth timing and procedural requirements. Specifically, MLBR 13-8(a) provides:

> Unless otherwise ordered by the Court, any objection to confirmation of a chapter 13 plan shall be filed *on or before the later of* (i) thirty (30) days after the date on which the first § 341 meeting is held or (ii) thirty (30) days after service of an amendment or modified plan.[8]

---

[4] *Id.* at 5:20-24.

[5] *Id.* at 5:25; 6:1.

[6] *In re Carbone*, 254 B.R. 1, 3 (Bankr. D. Mass. 2000) (*citing* Fed. R. Bankr. P. 9029(a)(1)).

[7] *Id.*

[8] MLBR Appendix I, Rule 13-8(a) (emphasis added).

There is no dispute that the Motion and Objection, having been filed on October 16, 2012, were filed forty-six days late.[9] Although BNY did not seek an enlargement of time before the thirty-day period expired, Fed. R. Bankr. P. 9006(b)(1) provides that the Court may, under certain circumstances, extend time periods *after* their expiration if a party's failure to act timely was attributable to excusable neglect.[10] In *In re Hermosilla*, I summarized the standard for excusable neglect under Fed. R. Bankr. P. 9006(b)(1):

> In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, the Supreme Court of the United States held that "neglect" includes omissions caused by inadvertence, mistake, or carelessness. It further concluded that the determination of whether neglect is excusable is an equitable one, and courts must consider all relevant circumstances surrounding the party's omission, including:
>
>> the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[11]

"The most important factor in this test is the reason for the delay; the movant must provide a satisfactory explanation."[12] Indeed, the Supreme Court has explained that "[i]t is [the 'excusable'] requirement that we believe will deter creditors and other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule

---

[9] *See* Fed. R. Bankr. P. 9006(a)(1) (computing time).

[10] *See* Fed. R. Bankr. P. 9006(b)(1).

[11] *Hermosilla v. Hermosilla (In re Hermosilla)*, No. 05-1360, 2010 WL 2719953, at *1-2 (Bankr. D. Mass. July 8, 2010) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)).

[12] *Morse v. Earle (In re Earle)*, No. 08-014, 2008 WL 8664763, at *5 (B.A.P. 1st Cir. Nov. 18, 2008) (*citing Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001); *EnvisioNet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 (D. Me. 2002)).

4

9006(b)(1)."[13] With this in mind, "[t]he First Circuit has repeatedly upheld findings of 'no excusable neglect' in the absence of *unique or extraordinary circumstances*."[14]

In support of a finding of excusable neglect, BNY explains that since the introduction of the "new" proof of claim forms approximately a year ago, BNY has had difficulty obtaining information sufficiently accurate to be signed under the pains and penalties of perjury. In other words, BNY was unable to quantify the prepetition arrearage within the time allotted under the local rule for filing objections to confirmation. This explanation belies the existence of any "unique or extraordinary circumstances."[15] To the contrary, it suggests ongoing systemic problems with BNY's internal procedures that prevent compliance with the rules of this Court.[16] Indeed, in cases where the meeting of creditors is held as originally scheduled, the deadline to file an objection to confirmation has not changed in over twelve years.[17]

---

[13] *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

[14] *In re Earle*, 2008 WL 8664763, at *5 (*citing Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d at 6) (emphasis added).

[15] *Id.*

[16] I note that Mr. Manougian's office has filed substantively identical motions in at least two other cases—*In re Mauretti*, Case No. 12-16737-WCH (on behalf of The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-33CB, Mortgage Pass-Through Certificates, Series 2005-33CB) and *In re Moniz*, Case No. 12-16446-WCH (on behalf of Bank of America, N.A. as Successor to Lasalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2). *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (the bankruptcy court may take judicial notice of its own records).

[17] MLBR 13-8(a) was amended on June 1, 2012, to change the triggering event for the thirty day deadline from "the first date set for the section 341 meeting," to "the date on which the first § 341 meeting is held." *Cf.* MLBR 13-8(a) (December 9, 2009) *with* MLBR 13-8(a) (June 1, 2012). Essentially, the recent amendment actually affords parties in interest more time to object to confirmation in cases where the meeting of creditors is rescheduled from the date initially set. In cases where the meeting of creditors is held on the first date set, the deadline for filing an objection to confirmation remains the same. *See In re Carbone*, 254 B.R. at 3(*quoting* the version of MLBR 13-8(a) in effect on October 16, 2000).

In light of the Debtor's opposition to the Motion and BNY's failure to offer a compelling excuse, the Motion must be denied.[18]

## IV. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion.

*[signature]*

William C. Hillman
United States Bankruptcy Judge

Dated: December 18, 2012.

Counsel Appearing:

    Roger Stanford, Stanford & Schall, New Bedford, MA,
        for the Debtor
    Victor Manougian, Guaetta and Benson, LLC, Chelmsford, MA,
        for the BNY

---

[18] Ultimately, the Debtor's victory may prove to be a Pyrrhic one unless he timely and successfully objects to BNY's proof of claim. *See In re Euliano*, 442 B.R. 177 (Bankr. D. Mass. 2010) (finding that dismissal is appropriate where the proposed payments on account of prepetition mortgage arrears under the confirmed plan were less than the creditor's unobjected to proof of claim).